IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | Case No. 2:16-cv-1096-JRG-RSP |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| HTC CORPORATION and AT&T, Inc., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT AT&T INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**[1]

---

[1] The Second Amended Complaint erroneously identifies defendant AT&T Inc. as "AT&T, Inc."

Table of Contents

Page

I. INTRODUCTION ............................................................................................................. 1

II. Statement of facts............................................................................................................... 2

III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR IMPROPER VENUE .......... 2

    A. Legal Standard ....................................................................................................... 2

    B. Plaintiff's Allegations Fall Short as to Both Prongs of Section 1400(b) and Do Not Establish Venue Against AT&T ............................................................... 3

IV. PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED PURSUANT TO RULE 12(B)(6) ................................................................................................................... 5

    A. Legal Standard ....................................................................................................... 5

    B. Plaintiff's Induced Infringement Claim Fails Because Plaintiff Does Not Allege Sufficient Facts that AT&T Specifically Intended Its Customers to Infringe or Knew Its Customers' Acts Constituted Infringement .......................... 5

    C. Plaintiff's Conflated and Threadbare Allegations are Equally Deficient to Support a Claim for Willful Infringement ............................................................. 8

    D. Plaintiff Does Not Allege Sufficient Facts to Allow the Court to Infer that the Accused Products Directly Infringe Each Element of At Least One Claim of the Asserted Patent.................................................................................... 9

V. Conclusion ....................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Achates Reference Publ., Inc. v. Symantec Corp.*,
   No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143 (E.D. Tex. Jan. 10,
   2013) ..................................................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................... 5, 8, 9

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*,
   261 F.R.D. 112 (E.D. Tex. 2009) ........................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................3, 5

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012) ...........................................................................................6

*Bowlby v. City of Aberdeen*,
   681 F.3d 215 (5th Cir. 2012) ..............................................................................................5

*Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001) .........................................................................................11

*Freudensprung v. Offshore Tech. Servs., Inc.*,
   379 F.3d 327 (5th Cir. 2004) ..............................................................................................4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ............................................................................................................6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ........................................................................................................8

*L. D. Schreiber Cheese Co. v. Clearfield Cheese Co.*,
   495 F. Supp. 313 (W.D. Pa. 1980) ......................................................................................4

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   134 S. Ct. 2111 (2014) ......................................................................................................11

*Manville Sales Corp. v. Paramount Sys., Inc.*,
   917 F.2d 544 (Fed. Cir. 1990) ............................................................................................4

*Nespresso USA, Inc. v. Ethical Coffee Company SA*,
   Case No. 16-cv-194, 2017 WL 2984072 (D. Del. July 13, 2017) ......................................3

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ..................................................................................3

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016)..............................................................................6

*Princeton Dig. Image Corp. v. Ubisoft Entm't SA*,
    Case No. 13-cv-335 (LPS), 2016 WL 6594076 (D. Del. Nov. 4, 2016) .................8

*Robern, Inc. v. Glasscrafters, Inc.*,
    Case No. 2:16-cv-01815 (JMV), 2016 WL 3951726 (D.N.J. July 22, 2016)...........9

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
    464 U.S. 417 (1984)................................................................................................7

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)........................................................................................2, 3

*TeleSign Corp. v. Twilio, Inc.*,
    Case No. 16-cv-2106 (PSG), 2016 WL 4703873 (C.D. Cal. Aug. 3, 2016).........9, 11

*Touchscreen Gestures LLC v. RIM Ltd.*,
    Case No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080 (E.D. Tex. Mar. 27,
    2013) ......................................................................................................................9

*Twombly. Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016)..............................................................................9

**Statutes**

28 U.S.C. § 1400(b) ........................................................................................................2

28 U.S.C. § 1406(a) ........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8(a)(2).....................................................................................................8

Federal Rule of Civil Procedure 12(b)...........................................................................3

Federal Rule of Civil Procedure 12(b)(3) ..............................................................1, 2, 11

Federal Rule of Civil Procedure 12(b)(6) ..............................................................1, 5, 11

Defendant AT&T Inc. ("AT&T") files this motion pursuant to (1) Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff's Second Amended Complaint due to improper venue and (2) Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims for direct, induced, and willful patent infringement.

## I.  **INTRODUCTION**

Plaintiff's Second Amended Complaint (Dkt. No. 44 ("SAC")) should be dismissed due to improper venue. AT&T, a Delaware corporation, does not reside in this District. As a holding company, AT&T does not have a "regular and established place of business" in this District, nor has it committed any "acts of infringement" in this District. Thus, the Second Amended Complaint should be dismissed.

Plaintiff's claims of induced and willful infringement should also be dismissed as they are threadbare recitals of the elements of the causes of action, supported by mere conclusory statements and devoid of factual allegations. Plaintiff's allegations are insufficient to put AT&T on notice of the bases for Plaintiff's claims of infringement. It is thus impossible for AT&T to properly investigate and defend against Plaintiff's claims. Plaintiff's claims of induced infringement and willful infringement should be dismissed.

The most notable defect concerns Plaintiff's allegations regarding AT&T's knowledge of U.S. Patent No. 5,802,467 ("Asserted Patent") – a prerequisite for both induced infringement and willful infringement. Notably, the Asserted Patent expired on September 28, 2015, before the instant litigation was filed. Despite its expiration, Plaintiff attempts to establish the prerequisite knowledge by way of service of the Original Complaint for both its induced infringement and willful infringement claims. Perhaps knowing this would fail, Plaintiff also alleges that AT&T obtained knowledge of the Asserted Patent "when the '467 Patent issued [from the U.S. Patent

Office]." (SAC ¶ 20.) But the heightened *Iqbal* pleading standard requires more than pure speculation that a party obtained knowledge of a patent based on the mere fact that the patent issued. A finding otherwise would eviscerate the pleading standard for knowledge.

The Court should also dismiss Plaintiff's direct infringement claims because Plaintiff makes no attempt to address the claim language of the Asserted Patent, nor does Plaintiff describe how the alleged activities constitute infringement of each element of at least one claim. Plaintiff does not state how AT&T allegedly infringes any of these claim limitations but rather, engages in a generalized accusation that the HTC One M7, HTC One M8, and HTC One M9 ("Accused Products") possess microprocessors, memory devices, user interfaces, and infra-red frequency transceivers and thus directly infringe.

## II.     STATEMENT OF FACTS

Plaintiff filed its Original Complaint (Dkt. No. 1) on October 5, 2016 against HTC Corp., alleging direct and willful infringement by HTC of the Asserted Patent. On May 10, 2017, HTC filed a Motion to Change Venue. (Dkt. No. 35.) On the same day Plaintiff filed its Sur-Reply with respect to that motion, Plaintiff also filed his Second Amended Complaint, naming AT&T as an additional defendant for simply selling the accused HTC devices.

## III.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR IMPROPER VENUE

### A.     Legal Standard

Under Rule 12(b)(3), a defendant may move to dismiss a complaint based on improper venue. To establish proper venue, a plaintiff must show independently, for each defendant, that the defendant either resides (*i.e.*, is incorporated) in this district, or has both a regular and established place of business, and has committed acts of infringement in this district. 28 U.S.C. § 1400(b); *see also* 28 U.S.C. § 1406(a); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,

137 S. Ct. 1514, 1520-21 (2017). When a defendant objects to venue, the burden shifts to the plaintiff to establish that the district he chose is proper. *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 120 (E.D. Tex. 2009). Although a plaintiff's uncontroverted, non-conclusory factual allegations are taken as true, the court need not credit conclusory allegations, even if uncontroverted by the parties. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001); *see also Nespresso USA, Inc. v. Ethical Coffee Company SA*, Case No. 16-cv-194, 2017 WL 2984072, at *6-7 (D. Del. July 13, 2017) (discussing how *Twombly*, 550 U.S. at 555 changed the standards of proof for Rule 12(b) motions generally from "possibility to plausibility.").

### B. Plaintiff's Allegations Fall Short as to Both Prongs of Section 1400(b) and Do Not Establish Venue Against AT&T.

Plaintiff's Second Amended Complaint should be dismissed because it does not identify sufficient facts to overcome a venue challenge. As to the first prong, Plaintiff acknowledges that AT&T is a corporation "organized under the laws of the State of Delaware." (SAC ¶ 5.) Yet, Plaintiff provides no additional facts. Accordingly, under *TC Heartland*, 137 S. Ct. 1514 at 1520-21, for the purposes of Section 1400(b)'s first prong, AT&T does not "reside" in this District.

As to the second prong, the Second Amended Complaint is equally devoid of facts that demonstrate (1) a regular and established place of business in this District and (2) alleged acts of infringement in this District. Specifically, Plaintiff has not—and cannot—establish venue in this District as to AT&T. Plaintiff alleges in conclusory fashion that AT&T "has committed acts of infringement in this District." (SAC ¶ 11.) For support, Plaintiff alleges only that "AT&T has stores operating in this District." *Id.* However, AT&T is merely a holding company and is a legally and factually separate entity from its subsidiaries. Ex. 1 (Gary L. Long Decl.) ¶¶ 6–7.

The two stores identified in the Second Amended Complaint are operated by AT&T Mobility LLC – a completely separate entity. Ex. 1 (Long Decl.) ¶ 7. AT&T, on the other hand, has no presence in this District as it sells no products in this District (or elsewhere), has no employees in this District (or elsewhere), and does not conduct business in this District. Ex. 1 (Long Decl.) ¶¶ 8–12; *see Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004) (citing cases and holding that without more, mere fact of corporate affiliation between entities does not establish jurisdiction); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) (the "general rule" for patent infringement allegations is that "the corporate entity should be recognized and upheld") (internal quotations omitted); *L. D. Schreiber Cheese Co. v. Clearfield Cheese Co.*, 495 F. Supp. 313, 318 (W.D. Pa. 1980) ("[T]he mere existence of a wholly-owned subsidiary in a judicial district does not, by itself, suffice to establish venue over the subsidiary's parent corporation.").

Since filing the Second Amended Complaint, Plaintiff has also recognized that AT&T does not perform the allegedly infringing act of selling the accused HTC devices. Plaintiff recently filed a motion for leave to correct/amend his Second Amended Complaint to replace AT&T with AT&T Mobility LLC. (*See* Dkt. No. 62.) In his motion for leave, Plaintiff admits that "[u]pon further research of AT&T's court filings, Plaintiff located a declaration by a representative of AT&T who represented that its subsidiary, AT&T Mobility is the AT&T entity directly involved in offering for sale and selling smartphones and tablets." (*Id.* at 1.)

Accordingly, AT&T has no "regular and established place of business" in this District, nor could it have committed the allegedly infringing act of selling the accused HTC devices in this District. As such, AT&T should be dismissed for improper venue.

## IV. PLAINTIFF'S CLAIMS SHOULD ALSO BE DISMISSED PURSUANT TO RULE 12(B)(6)

### A. Legal Standard

Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plausible, properly pleaded complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," will not suffice. *Id.* at 663. While the court must accept as true all well-pleaded allegations within the complaint, it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012).

### B. Plaintiff's Induced Infringement Claim Fails Because Plaintiff Does Not Allege Sufficient Facts that AT&T Specifically Intended Its Customers to Infringe or Knew Its Customers' Acts Constituted Infringement.

For a claim of induced infringement to survive a motion to dismiss, the complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for that third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP,

-5-

2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading*, 681 F.3d at 1339). Induced infringement requires more than mere knowledge that a product is being used; it "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Plaintiff fails to adequately plead either of the latter two elements regarding specific intent and knowledge, with each failure providing an independent basis for dismissal.

First, Plaintiff does not plead sufficient facts to support AT&T's specific intent for a third party to infringe the Asserted Patent. Plaintiff's sole allegations regarding inducement state that "Defendants knew of the '467 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '467 Patent's claims by third parties." (SAC ¶ 19; *see also id.* at ¶ 17 ("Defendants have induced, caused, urged, encouraged, aided, and abetted its direct and indirect customers to infringe the claims of the '467 Patent."); *id.* at ¶ 18 ("Defendants have done so by affirmative acts including . . . selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.").)

Such conclusory allegations provide absolutely no factual support for the two elements regarding any direct infringement by AT&T's customers, or AT&T's knowledge that their customers' acts constituted patent infringement. Plaintiff does not allege any communication between AT&T and its customers that would plausibly constitute an act of inducement, as expressly required by recent Federal Circuit cases. *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1331 (Fed. Cir. 2016).

Second, Plaintiff fails to allege facts plausibly showing that AT&T knew that the third party's acts constituted infringement, as Plaintiff fails to allege facts that AT&T knew of the Asserted Patent or had any reason to believe that the Asserted Patent might by infringed by the accused HTC products prior to service of the Complaint. Instead, Plaintiff concludes that AT&T possessed requisite knowledge for induced and willful infringement[2] based on two events: (1) the filing of the Original Complaint (Dkt. No. 1) on October 5, 2016, and (2) the Asserted Patent's issuance in 1998. (SAC ¶¶ 19–20.)

Even if Plaintiff's first allegation were assumed to be true,[3] the allegation fails to allege a plausible fact supporting knowledge because the Asserted Patent had ***expired more than a year earlier (September 28, 2015)***. Black letter law firmly provides that upon patent expiration, the public is free to make, use, and sell the previously patent-protected invention, so Plaintiff's assertion that AT&T gained knowledge of the Asserted Patent upon the original filing of lawsuit in 2016 is not only untrue; it is irrelevant. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) (highlighting free use after expiration of patent or copyright furthers public policy). Thus, even if AT&T became aware of the Asserted Patent on October 5, 2016 (which it did not), that knowledge would have arisen *after* the patent expired, rendering such knowledge legally insufficient to support Plaintiff's induced infringement claim.

As for Plaintiff's second allegation, Plaintiff raises nothing more than a speculative possibility that AT&T had the knowledge of the Asserted Patent required for an induced infringement claim based on the mere fact that the Asserted Patent issued. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[2] Plaintiff conflates its threadbare allegations of induced and willful infringement in its Second Amended Complaint. (SAC ¶¶ 21–23.)

[3] Plaintiff's allegation is not true. AT&T was never served with the Original Complaint. Nor did AT&T receive service from Plaintiff on or around October 5, 2016. AT&T only received service of the Second Amended Complaint on June 22, 2017. (*See* Dkt. No. 52.)

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Plaintiff's speculative allegation simply does not meet the heightened pleading standard. To determine otherwise would entirely eviscerate the element of knowledge required for induced infringement.

Accordingly, Plaintiff's claim for induced infringement is deficient and should be dismissed.

### C. Plaintiff's Conflated and Threadbare Allegations are Equally Deficient to Support a Claim for Willful Infringement.

Plaintiff also fails to allege any facts to support its claim for willful infringement, other than proffering a formulaic recitation of the elements for willfulness. (*See* SAC ¶¶ 23-24.)[4] To state a claim for willful infringement, "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932-33 (2016)). Post-*Halo*, courts have held that the "subjective willfulness of a patent infringer, ***intentional or knowing***, may warrant enhanced damages." *Princeton Dig. Image Corp. v. Ubisoft Entm't SA*, Case No. 13-cv-335 (LPS), 2016 WL 6594076, at *11 (D. Del. Nov. 4, 2016) (citing *Halo*, 136 S. Ct. at 1932-34) (emphasis added).

First, as discussed above, Plaintiff's allegations regarding AT&T's knowledge of the Asserted Patent are insufficient to establish the knowledge required for a claim for willful infringement. Second, Plaintiff's allegation that AT&T's "infringement of the '467 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '467 Patent," SAC ¶ 23, is a bare legal conclusion of the type expressly prohibited by *Iqbal*. Plaintiff fails to identify, explain, or allege any factual basis for the required "objectively high likelihood of infringement," and thus the claim is "insufficient to establish a willful infringement claim."

---

[4] Akin to its formulaic allegation of induced infringement, Plaintiff does not specifically allege a separate claim for willful infringement, but its prayer for relief requests that this court find the alleged infringement to be willful. *Id.*

*Touchscreen Gestures LLC v. RIM Ltd.*, Case No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013).

It is impossible to speculate further what the basis for Plaintiff's willfulness claim could be, which is precisely why the claim should be dismissed; Plaintiff's allegations are insufficient to put AT&T on notice of the bases for its claim. Plaintiff's tacked-on willfulness claim is merely "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. For the reasons stated above, it should also be dismissed.

### D. Plaintiff Does Not Allege Sufficient Facts to Allow the Court to Infer that the Accused Products Directly Infringe Each Element of At Least One Claim of the Asserted Patent.

Plaintiff fails to properly plead that AT&T "ha[s] directly infringed (literally and/or under the doctrine of equivalents) at least [C]laims 1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent." (SAC ¶ 15.) Specifically, Plaintiff makes no attempt to address the claim language of the Asserted Patent, nor does Plaintiff describe how the alleged activities constitute infringement, thereby requiring dismissal of its claim for direct infringement. Following the December 2015 amendments to the Federal Rules of Civil Procedure that abrogated Rule 84 and Form 18,[5] courts have held that "a plaintiff must include allegations sufficient to permit the court to infer that the accused product infringes ***each element of at least one claim***." *TeleSign Corp. v. Twilio, Inc.*, Case No. 16-cv-2106 (PSG), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) (emphasis added) (granting motion to dismiss); *see also Robern, Inc. v. Glasscrafters, Inc.*, Case No. 2:16-cv-01815 (JMV), 2016 WL 3951726, at *5 (D.N.J. July 22, 2016) (granting motion to dismiss because plaintiff "failed to relate factual assertions to the pertinent claims").

---

[5] *See TeleSign Corp.*, 2016 WL 4703873, at *2. Given that the Second Amended Complaint was filed well after the amendments took effect (December 1, 2015), Plaintiff must plead infringement under the Supreme Court's standard in *Iqbal* and *Twombly*. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337, 1337 n.2 (Fed. Cir. 2016).

Here, Plaintiff wholly fails to address the claim language or describe how the alleged activities constitute infringement of each element of at least one claim. Specifically, Plaintiff has identified three HTC devices that allegedly infringe 19 claims (Claims 1-7, 10, 14, 17, 23, 26-32, 34) of the Asserted Patent. (SAC ¶ 15.) Claim 1 is exemplary, requiring numerous distinct components to perform their respective functionalities (in addition to other limitations):

> 1. A communications, command, control and sensing system for communicating with a plurality of external devices comprising:
> *a microprocessor for generating a plurality of control signals used to operate said system, said microprocessor creating a plurality of reprogrammable communication protocols*, for transmission to said external devices wherein each communication protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices;
> *a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set*, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets;
> *a user interface coupled to said microprocessor for sending a plurality of signals corresponding to user selections to said microprocessor and displaying a plurality of menu selections available for the user's choice*, said microprocessor generating a communication protocol in response to said user selections; and
> *an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices*, infra-red frequency signals in accordance with said communications protocols.

In the Second Amended Complaint, Plaintiff does not state *how* AT&T allegedly infringes any of these claim limitations, but rather, engages in a generalized accusation that the Accused Products possess microprocessors, memory devices, user interfaces, and infra-red frequency transceivers and thus directly infringe. (SAC ¶ 16.) In doing so, Plaintiff critically neglects to show how exactly the components are configured to possess the recited functionality. Given that the Court cannot infer from Plaintiff's threadbare allegations that all elements of at

least one claim are infringed (or that any element of any claim is infringed), the Court should dismiss Plaintiff's claim for direct infringement.[6] *See TeleSign Corp.*, 2016 WL 4703873 at *4.

## V. CONCLUSION

For the foregoing reasons, AT&T respectfully requests dismissal of Plaintiff's claims for direct, induced, and willful patent infringement pursuant to Rule 12(b)(3) and Rule 12(b)(6).

DATED: July 26, 2017

PAUL HASTINGS LLP

By:   /s/ *Christopher W. Kennerly*
    Christopher W. Kennerly
    (Texas Bar No. 00795077)
    Yar R. Chaikovsky
    Jonas P. Herrell
    Wei Wang
    **PAUL HASTINGS LLP**
    1117 S. California Avenue
    Palo Alto, CA 94304-1106
    Telephone: (650) 320-1800
    Facsimile: (650) 320-1900
    chriskennerly@paulhastings.com
    yarchaikovsky@paulhastings.com
    jonasherrell@paulhastings.com
    wangwei@paulhastings.com

Attorneys for Defendant
**AT&T INC.**

---

[6] A dismissal of Plaintiff's claim for direct patent infringement necessarily dooms the claims for induced and willfulness infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117-18 (2014); *TeleSign Corp.*, 2016 WL 4703873, at *4; *Crystal Semiconductor Corp. v. TriTech Microelecs. Int'l, Inc*., 246 F.3d 1336, 1351 (Fed. Cir. 2001) (holding that induced infringement will occur only "if the party being induced directly infringes the patent.").

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 26, 2017, to all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.

*/s/ Christopher W. Kennerly*